# EXHIBIT 1A

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CAUSE NO. **CL-17-2008-B**
_____

| | | |
|---|---|---|
| **CESAR AND MONICA CHIMELY** | § | IN THE COUNTY COURT AT LAW |
| Plaintiffs, | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| **STATE FARM LLOYDS AND JOHN** | § | |
| **SCHERLEN** | § | HIDALGO COUNTY, TEXAS |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, **CESAR AND MONICA CHIMELY** (herein individually or collectively "Plaintiffs"), and files this Plaintiffs' Original Petition complaining of Defendants, **STATE FARM LLOYDS**, State Farm Lloyds, (herein "Defendant Insurance Company") and **JOHN SCHERLEN** (herein "Defendant Adjustor") (sometimes referred herein collectively as "Defendants"), and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiffs intend to conduct discovery pursuant to Rule 190.2 under Rule 169(d) of the Texas Rules of Civil Procedure's Expedited Actions Process and affirmatively pleads that this suit falls under the expedited-actions process of Texas Rule of Civil Procedure 169 because claimant seeks only monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

1.2     Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiffs' monetary request for relief is

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment

interest and attorney fees.  Tex. R. Civ. P. 47(c)(1).

## II. PARTIES

2.1      Plaintiffs, **CESAR AND MONICA CHIMELY**, are individuals who reside

in Hidalgo County, Texas.

2.2      Defendant **STATE FARM LLOYDS** ("Defendant Insurance Company") is a

domestic insurance company incorporated in the State of Texas, organized under the laws of the

State of Texas, and engaged in the business of insurance in the State of Texas.  **Service of**

**process is requested to be effectuated by certified mail on said Defendant by delivering the**

**Citation and a copy of the Original Petition to said Defendant and/or Defendant's**

**registered agent at:**

> **Corporation Service Company**
> **211 E 7th St Ste 620**
> **Austin TX 78701 -3218**

**The court's clerk is requested to issue the Citation and Original Petition by certified**

**mail.**

2.3      Defendant **JOHN SCHERLEN** ("Defendant Adjustor") is a resident of Bexar

County, Texas, who participated in adjusting Plaintiff's property insurance claim.  **Service of**

**process is requested to be affected by private process server on said Defendant by**

**delivering the Citation and a copy of the Original Petition to said Defendant at:**

> **John Scherlen**
> **28243 Willis Ranch**
> **San Antonio, Texas 78260-6055**

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

### III.  JURISDICTION & RULE 47(c) STATEMENT

3.1     This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs affirmatively state, pursuant to Rule 47(c)(1) and Rule 47(d) Tex.R.Civ.Proc., that Plaintiffs seek monetary relief of less than $75,000.00, and a demand for judgment for all other relief to which Plaintiffs deem Plaintiffs are entitled to as demonstrated herein.

3.2     This Court has jurisdiction over Defendant Insurance Company because this Defendant is an insurance company incorporated in the State of Texas, which engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

3.3     The Court has jurisdiction over Defendant Adjustor because Defendant Adjustor is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas as a property and casualty insurance adjuster licensed by the Texas Department of Insurance and Plaintiffs' causes of action arise out of the Defendant's business activities in the State of Texas.

### IV. VENUE

4.1     Venue is proper in Hidalgo County, Texas, because the insured property, subject to this suit, is situated in Hidalgo County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

### V. FACTS

5.1.     Plaintiffs purchased a policy from Defendant Insurance Company, insuring Plaintiffs' property against certain losses. The Policy number was 83-BT-G732-7 (hereinafter referred to as "the Policy")

5.2     Plaintiffs own the insured property, which is located at 1619 N. Stewart Rd

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

Mission, TX 78573 (hereinafter referred to as "the Property").

5.3.     On or about March 26, 2015, a hail/wind storm passed through Hidalgo County and caused extensive damage to the insured property (the "hail/wind storm event"). Shortly thereafter, Plaintiffs made a claim and demand for payment on Defendant Insurance Company for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 53629K967.

5.4     Subsequent to Plaintiffs making the Claim, Defendant Insurance Company assigned a local Texas Adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiffs' claim.

5.5     After having the damages reevaluated by a qualified adjustor, Plaintiffs sent Defendant a demand for payment of the claim. In response, Defendant Insurance Company has failed to tender adequate payment to which Plaintiffs are entitled.

5.6     Plaintiffs requested that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior, pursuant to the Policy.

5.7     Defendant Insurance Company has wrongfully delayed and denied payment of the balance due to Plaintiffs for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant Insurance Company has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiffs' property were substantially less than the actual cost of repairs.

5.8     Pleading in the alternative, Plaintiffs' actual covered damage and losses to the Property as a result of the hail/wind storm and other covered losses, including the costs of

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

temporary repairs and alternative living expenses, have caused other consequential damages to be sustained by Plaintiffs herein. Defendant Insurance Company is liable for these consequential damages due to its failure to promptly and sufficiently pay the claim.

    5.9    Pleading in the alternative and based upon information and belief, the Adjustor was compensated for each claim the Adjustor adjusted on behalf of Defendant Insurance Company and/or other combination of compensation tied to the quantity of claims adjusted. As part of this believed agreement, the Adjustor under-scoped the value of the damages to the Property on behalf of Defendant Insurance Company. The Adjustor was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiffs' hail/wind storm damage property claim in order to increase the number of claims the Adjustor adjusted for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g). The Adjustor was negligent in violating Defendant Insurance Company's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to the Property and by failing to fully investigate and evaluate the Plaintiffs' insured losses based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g). Additionally, based upon information and belief and the acts and the practices the Adjustor actually employed, the Adjustor held a personal bias in favor of Defendant Insurance Company and prejudicially against insurance claimants generally, and more specifically towards Plaintiffs herein as specifically demonstrated below in sub-paragraphs (a) thru (b). The Adjustor, on behalf of Defendant Insurance Company, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiffs as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

by Plaintiffs resulting in the denial and/or underpayment of Plaintiffs' claim; to wit:

a) The Adjustor failed to properly investigate and inspect the Property during repair of the property which would have revealed other covered hail/wind storm damage property losses;

b) The Adjustor failed to and/or refused to properly interview Plaintiffs to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c) The Adjustor refused to and did not inspect for hidden or latent damage resulting to Plaintiffs' Property that is customarily found to exist in Property that has undergone hail/wind storm damage of the severity that Plaintiffs' Property sustained;

d) The Adjustor failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiffs' Property due to the hail/wind storm damage;

e) The Adjustor performed only a cursory inspection of the exterior and interior of the insured Property, spending insufficient time at the Property to properly assess all items of damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant Insurance Company for the hail/wind storm damages and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the hail/wind storm event;

f) Pleading in the alternative, the Adjustor, during the investigation of the Plaintiffs' claim, made coverage decisions, which the Adjustor was not qualified and/or authorized to

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

### CL-17-2008-B

perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiffs' covered hail/wind storm claim and its losses to Defendant Insurance Company;

g) Defendant Insurance Company fraudulently represented to Plaintiffs verbally and by conduct, insisted that the majority of the damages to the Property were not related to the hail/wind storm event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff's property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the Adjustor's reports to Defendant Insurance Company. Based upon information and belief, Defendant Insurance Company's acts and omissions as they pertain to the mishandling of Plaintiffs' claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjustor, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

5.10 Based upon information and belief, Defendant Insurance Company failed to thoroughly review the fraudulent and inaccurate assessment of the Claim as produced by the Adjustor and ultimately approved the Adjustor's inaccurate reports of the damages to the Property.

5.11 The mishandling of Plaintiffs' claim has also caused a delay and hardship in the ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiffs' Property and mental anguish as a result thereof. To date, Plaintiffs have yet to receive the full payment to which Plaintiffs are entitled under the Policy.

5.12 In the alternative, without waiving the foregoing, and based upon information and belief, Defendant Insurance Company instructed the Adjustor to follow their claims processing

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

guidelines of in connection with the claims handling process for Plaintiffs' claim. Defendant Insurance Company was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiffs' claim. Defendant Insurance Company was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling. Defendant Insurance Company breached such duties in connection with the Claim by failing to properly train, direct and oversee the claims handling practices employed by the Adjustor.

5.13    At all times material herein, Defendant Insurance Company had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policy holders – specifically Plaintiffs. Defendant Insurance Company represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and property insurance policies. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to property losses, Plaintiffs relied on such misrepresentations to Plaintiffs' detriment, and hence (1.) purchased the Policy from Defendant Insurance Company, and (2.) accepted the estimate of damages from Defendant Adjustor which, unknown to Plaintiffs, included denial and underpayment of covered losses and damages sustained. Defendant Insurance Company made such representations knowing they were false and with the intent that Plaintiffs rely on such representations.

5.14    Based upon information and belief, Defendant Insurance Company, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

all covered losses sustained by Plaintiffs herein by assigning the Adjustor to adjust and handle Plaintiffs' claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjustor's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiffs as set forth herein.

5.15    Based upon information and belief, Defendant Insurance Company distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjustor and held meetings and issued directives to the field instructing how Defendant Insurance Company wanted claims like Plaintiffs' to be handled. Defendant Insurance Company, through directives to its adjusters like the Adjustor, tasked those adjusters assigned to Plaintiffs' claim with handling such losses in line with Defendant Insurance Company's policy and procedures. Defendant Insurance Company communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjustor of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property.  These policies served to fuel and motivate the Adjustor's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiffs as set forth herein.

5.16    Defendant Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant Insurance Company's conduct constitutes a breach of the insurance contract between Defendant Insurance Company

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

and Plaintiffs.

5.17    From and after the time Plaintiffs' claim was presented to Defendant Insurance Company, the liability of Defendant Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Defendant Insurance Company has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.    Defendant Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

5.18    Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

5.19    As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys who are representing Plaintiffs with respect to these causes of action.

5.20    Based upon information and belief, Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant Insurance Company committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Insurance Company with regard to the handling of these types of claims. Defendant Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

6.1    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1.1-5.20 and incorporate the same herein by this reference as if here set forth in full.

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

6.2     Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

6.3     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

6.4     Defendant failed to explain to Plaintiffs the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

6.5     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

6.6     Defendant Insurance Company refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

6.7    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

6.8    Defendant Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

6.9    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## VII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – FRAUD

7.1    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1.1-6.9 and incorporate the same herein by this reference as if here set forth in full.

7.2    Defendant is liable to Plaintiffs for common law fraud.

7.3    Defendant Insurance Company represented in its policy that damages resulting from a hail/wind storm would be insured against loss. Plaintiffs, to their detriment, purchased Defendant Insurance Company's policy in exchange for a benefit Defendant Insurance Company knew the Plaintiffs would not receive. Plaintiffs further relied to its detriment upon the false,

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiffs' claim. Plaintiffs were not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjustor after the delays and failure to provide the promises adjusting services were discovered. Defendants, based upon its experience, special knowledge of hail/wind storm structural loss issues and insurance coverage issues were able to deceive Plaintiffs into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

7.4    Plaintiffs were unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiffs. Plaintiffs relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiffs sought the assistance of its public adjustor in order to mitigate its losses and begin repair of the property so that the Property could be restored to a habitable condition which has caused further damage and expense. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance.

7.5    The conduct of Defendant has prolonged Plaintiffs' hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

those representations to Plaintiffs which were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

7.6    Defendant made statements and performed actions with the intention to manipulate Plaintiffs to act as Plaintiffs did, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## VIII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –
## CONSPIRACY TO COMMIT FRAUD

8.1    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1.1-7.6 and incorporate the same herein by this reference as if here set forth in full.

8.2    Defendant is liable to Plaintiffs for conspiracy to commit fraud. Defendant, through its relationships with adjusters, and/or third party claims adjusting firms, was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result. Plaintiffs do not seek damages from conspirators other than Defendant Insurance Company, but reserves the right to amend this pleading.

## IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –
## BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

9.1    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1.1-

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

8.2 and incorporate the same herein by this reference as if here set forth in full.

9.2     Defendant Insurance Company is liable to Plaintiffs for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

9.3     Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiffs.

9.4     Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiffs.

9.5     Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## X. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –
## RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

10.1     The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiffs' Claims and such acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

10.2     Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Defendant Adjustor including the manner in which they discharged or failed to properly discharge their duties under the

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

common law and applicable statutory laws and regulations.

## XI. KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## XII. DAMAGES

12.1    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

12.2    As previously stated, the damages caused by the hail/wind storm event were not fully paid by Defendant Insurance Company and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiffs financially in terms of paying for covered losses when such obligation was that of Defendant Insurance Company, which has caused undue hardship and burden to Plaintiffs.    These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

12.3    For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs bargain, which is the amount of Plaintiffs' claim losses and expenses, together with attorney's fees.

12.4    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times Plaintiffs' actual damages. TEX. INS. CODE §541.152.

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

12.5    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

12.6    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

12.7    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

12.8    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### XIII. RESERVATION OF RIGHTS

13.1    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend this petition to add additional counts upon further discovery as the investigation continues.

### XIV. CONDITIONS PRECEDENT

14.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

precedent to Plaintiffs' right to recover herein have been performed or have occurred.

## XV. JURY DEMAND

15.1    Plaintiffs hereby request that all causes of action alleged herein be tried before a

jury consisting of citizens residing in Hidalgo County, Texas.  Plaintiffs hereby tender the

appropriate jury fee.

## XVI. REQUESTS FOR DISCLOSURE TO DEFENDANT

16.1    Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant

Insurance Company and Defendant Adjustor disclose within fifty days (50) of service of this

request, the information or materials described in Rule 194.2 of the Texas Rules of Civil

Procedure.

## XVII. PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

17.1    Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, you

are hereby requested to produce the below designated "documents" which shall include, but are

not limited to, papers, books, accounts, writings, drawings, graphs, charts, photographs, emails,

electronic data, meta data or any other form of recordings and other data compilations from

which information can be obtained, translated, or reproduced, if necessary by you, your agents or

attorneys, through appropriate devices into reasonably usable form, and to produce the below

designated tangible things which constitute or contain matters which are in the possession,

custody or control of you, your agents, servants or attorneys, for inspection, sampling, testing,

photographing and/or copying on the first business day after the expiration of fifty (50) days

after service of these Requests for Production, at 4900 North 10th Street, Suite F-3, McAllen,

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

Texas 78504 pursuant to Rule 196.2(a) Tex.R.Civ.Proc. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each  item or category of items that inspection will be permitted as requested and that you will comply with this Request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed.

## INSTRUCTIONS AND DEFINITIONS

17.2   In answering the following interrogatories and responding to the following Requests for Production, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer an Interrogatory or respond to a Request for production in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

17.3   The INTERROGATORIES and REQUESTS FOR PRODUCTION OF DOCUMENTS which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers and responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to these Interrogatories and Requests for Production of Documents below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

a.  "Person(s)" means natural persons, corporation, partnerships, sole proprietorships, unions, associations, federations, reciprocal or inter-insurance exchange, Lloyd's plan, adjustor, contractor/estimator, engineer, independent contractor or any other kind of entity.

b.  "Document" means any printed, typewritten, hand written, electronically stored information in its native format, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.

    Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

    (1)  "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(2)     "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(3)     "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

c.     "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

d.     "Handle", "handled", "handling" and/or "worked on" – any person as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims mad the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

e.     "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this suit occurred.

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

f.     "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this suit.

g.     "Claim" or "Claim made the basis of this Suit" shall mean the claim filed by Plaintiffs under Policy No. 83-BT-G732-7 for structural damage incurred as a result of a hail/wind storm damages throughout the insured premises located at 1619 N. Stewart Rd., Mission, TX 78573, on or about March 26, 2015.

h.     "Describe" and/or "Identify", when referring to a document, is defined to require that you state the following:

      1.   The nature (e.g., letter, handwritten note) of the document;

      2.   The title or heading that appears on the document;

      3.   The date of the document and the date of each addendum, supplement, or other addition or change;

      4.   The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

      5.   The present location of the document, and the name, address, position, or title, and telephone number of the person or persons having custody of the document.

If you object to identifying any person as hereinabove defined, or producing any item requested, or you feel that a court order should be obtained by this party, please so state in your answer to the interrogatory or response to a request for production.

## ADDITIONAL INSTRUCTIONS REGARDING REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

1.  Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, pursuant to Rule 196.4 of the Texas Rules of Civil Procedure and should not be converted to an imaged format (e.g. .PDF) unless such document must be redacted to remove privileged content or the document does not exist in a native electronic format, in which case a privilege log is requested.

2.  Native format requires production in the same format in which the information was customarily created, used and stored by you. Examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced are as follows for each ESI Source:

    a)  <u>Microsoft Word documents</u> - .DOC, .DOCX.

    b)  <u>Microsoft Excel Spreadsheets</u> - .XLS, .XLSX.

    c)  <u>Microsoft PowerPoint Presentations</u> - .PPT, .PPTX.

    d)  <u>Microsoft Access Databases</u> - .MDB.

    e)  <u>WordPerfect documents</u> - .WPD.

    f)  <u>Adobe Acrobat Documents</u> - .PDF.

    g)  <u>Photographs</u> - .JPG.

    h)  <u>E-mail Messages</u> - should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically-searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

parent/child relationships to the message and container(s) preserved and produced.

i)      Databases (excluding e-mail systems) - Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships.   If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate Plaintiffs crafting a query to extract and export responsive data.

3.      Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

4.      Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable .PDF format with logical unitization preserved.

5.      Production should be made using a flash/thumb drive or a portable external hard drive. If flash/thumb drives or portable external hard drive are not available to Defendant, Plaintiffs will provide to Defendant upon request.

6.      Documents produced should be Bates numbered by naming the file produced to conform to the Bates number assigned to that file, supplying the original file name data in the delimited load file described below.  .PDF production of documents that do not exist in a native electronic format may be Bates numbered on each page in a manner that does not obscure content by embossing the Bates number of

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

the file followed by a dash and the page number. Respond to each request for documents by listing the Bates numbers of responsive documents produced

7. Production should include a delimited load file supplying relevant system metadata field values for each document by Bates number. The field values supplied should include (as applicable):

   a. Source file name;

   b. Source file path;

   c. Last modified date;

   d. Last modified time;

   e. Custodian or source;

   f. Document type;

   g. MD5 hash value;

   h. Redacted flag; and,

   i. Hash de-duplicated instances (by full path).

8. Documents should be vertically de-duplicated by custodian using each document's hash value. Near-deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes or application metadata.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSURANCE COMPANY

1. The following insurance documents issued for the Property as identified in the Petition:
   a. the policy at issue for the date of loss as identified in the Petition

   **RESPONSE:**

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request includes, but is not limited to all documents relating to any real property insurance claims made by Plaintiffs. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    **RESPONSE:**

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

    **RESPONSE:**

4.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

    **RESPONSE:**

5.  All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

    **RESPONSE:**

6.  All organizational charts, diagrams, lists, and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

    **RESPONSE:**

7.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail/wind storm property damage.

    **RESPONSE:**

8.  All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

RESPONSE:

9.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm, third-party claims service, and/or independent adjuster who participated in the evaluation, assessment, and/or adjustment of the claim made subject of this suit. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

10.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. As part of said personnel files, this request includes documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit. This request is limited to the past 5 years.

RESPONSE:

11.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit, as well as all reports that include this claim specifically and the manner by which it was evaluated from the date of the hail/wind storm to the present.

RESPONSE:

12.   Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 11 above.

RESPONSE:

13.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

RESPONSE:

15. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

## WRITTEN INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

1. Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant, including those providing information for the answers to these interrogatories.

ANSWER:

2. State the following concerning notice of claim and timing of payment:
   a. The date and manner in which Defendant received notice of the claim;
      i. If Defendant contends that Plaintiffs failed to provide proper notice of the claim made the basis of this suit under the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.
   b. The date and manner in which Defendant acknowledged receipt of the claim;
   c. The date and manner in which Defendant commenced investigation of the claim;
   d. The date and manner in which Defendant requested from the Plaintiffs all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiffs;
   e. The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.
   f. To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.
   g. The date and manner in which you notified Plaintiffs of acceptance or rejection of coverage for all or any portion of Plaintiffs' claim; and
   h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.
   i. The date(s) on while Defendant closed Plaintiffs' claim, if applicable.

ANSWER:

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

### CL-17-2008-B

3.  Identify each inspection of the Property made the basis of this Lawsuit by:
    a.  The name and job title of each person who inspected the Property;
    b.  The date of each inspection;
    c.  The purpose of each inspection; and
    d.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.
    e.  In the event that Defendant contends that Plaintiffs failed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiffs failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

4.  If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

    ANSWER:

5.  At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied or partially paid or denied in part.

    ANSWER:

6.  Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiffs failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

    ANSWER:

7.  At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiffs. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiffs did not respond and if Defendant denied any portion of the claim based on Plaintiffs' failure to respond.

    ANSWER:

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

8.    At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff(s) failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiffs' claim.

      ANSWER:

9.    Identify and state each and every basis, contention and reason why Defendant Insurance Company has not fully paid Plaintiffs' Claim, as they relate to why Defendant Insurance Company disputes the dollar amount of the Claim submitted to it by Plaintiff(s) for the replacement of and/or costs to repair the property and all other losses and expenses submitted by Plaintiff(s) to Defendant Insurance Company in connection with the hail/wind storm damage claim made the basis of this suit.

      ANSWER:

10.   Identify each item of damage, loss or expense of Plaintiffs' Claim that Defendant contends is not covered by the policy as well as all exclusions under the policy applied to the claim made the basis of this lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

      ANSWER:

11.   State whether if any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for claims similar to Plaintiffs' Claim in regard to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

      ANSWER:

12.   To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

      ANSWER:

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

13. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 and/or 542 and/or any violations of the requirements or obligations owed to Plaintiff(s) under the Policy that were discovered by Defendant on this claim during the claims handling process.

   **ANSWER:**

14. State the date Defendant first anticipated litigation.

   **ANSWER:**

15. If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

   **ANSWER:**

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

**CL-17-2008-B**

## <u>VERIFICATION</u>

STATE OF _____     §
                             §
COUNTY OF _____       §

    BEFORE ME, the undersigned authority, on this day personally appeared

_____, on behalf of _____, its duly

authorized representative, known to me to be the person whose name is subscribed to the

foregoing instrument, who on his/her oath did state that the facts contained in the foregoing

Answers to Interrogatories are based upon his personal knowledge and are true and correct.


                    _____
                    **AUTHORIZED REPRESENTATIVE**
                    **FOR DEFENDANT**


    SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the

_____ day of _____, 2017.


                    _____
                    NOTARY PUBLIC in and for
                    The State of Texas
                    My commission expires: _____

Electronically Submitted
5/4/2017 5:49:22 PM
Hidalgo County Clerks Office
Accepted by: Cassandra Mora

CL-17-2008-B

## XVIII. PRAYER

18.1    **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, said Plaintiffs have and recovered such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:  (866) 266-0971
Email: firstpartylit@moore-firm.com

By:     */s/ J. Michael Moore*
         J. MICHAEL MOORE
         State Bar No. 14349550
         Email:firstpartylit@moore-firm.com

**ATTORNEY FOR PLAINTIFFS**